GEORGE RIELLY

v.

GEORGE PRINCE, FOR USE, ETC.

Certiorari—*Proceedings to Quash—Practice.*

A party is bound when he is sued, as well as when he brings an action, to attend to the proceeding through all its stages, and if he omits to do so he must abide the consequences of his inattention, unless he sets out with

precision such facts and circumstances as show that it was not in his power to take an appeal in the ordinary way, by the exercise of every reasonable degree of attention and care.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

Messrs. KNIGHT & BROWN, for appellee.

MORAN, J.   This appeal is prosecuted to review the judgment of the Circuit Court quashing a writ of *certiorari*.   The facts on which appellant's rights in the proceeding depend are stated as favorably to him as possible in the following extract from the brief of his counsel, filed in this court.

On June 20, 1888, appellant was served with garnishee summons, issued by Hardin B. Brayton, justice of the peace, in the suit of George Prince for the use of J. B. Clow & Son, returnable on the 28th day of June, at 9 o'clock A. M.   On that day, at the appointed hour, appellant appeared before said justice of the peace (plaintiff being also there by his attorney), and answered said process then and there, in response to the interrogatories propounded to him orally, giving all of the details of the transactions between himself and said debtor, Prince.   Appellant then and there answered that he was not indebted to said Prince in any sum whatever, nor had he in his hands any goods, chattels or effects of said Prince. Plaintiff's attorney, as might readily be supposed, was not satisfied with this answer and desired to contest the same, and there asked and obtained a continuance of said cause for trial until the 7th day of July.   Appellant, knowing that he was not indebted or liable as garnishee, and having so answered, did not again appear.   The plaintiff, after again continuing the case until July 17th, instead of contesting the answer and introducing proof to show that the same was not true, and obtaining a final judgment, obtained from said justice a default of appellant, as though he had never answered at all, and a

conditional judgment against him. *Scire facias* was issued and served on appellant. He did not understand the same, and thought it required no further answer than had already been made, and so did not answer it. On July 24th the pretended conditional judgment was made final in the sum of $96.25 and costs, and, after the time for appeal had expired, a constable appeared with an execution against appellant, who then, for the first time, realized that he had been imposed upon. He thereupon immediately filed a petition in the Circuit Court for a writ of *certiorari* under the statute, setting up the above facts and others, showing that Prince was indebted to him in a large sum of money, instead of he being indebted to Prince. He obtained a writ of *certiorari* and took an appeal by that means. Counsel for the plaintiff moved to quash the writ for insufficiency of the petition.

It is very clear that upon such facts the judgment of the Circuit Court quashing the *certiorari* was right. Whatever criticism may be made upon the course pursued by the justice, appellant was aware when he left the justice's office after answering, under oath, that no judgment was then entered, and that the matter was postponed for further hearing and determination at a subsequent date. He was negligent in not ascertaining what was done in the matter at the date to which it was continued, and if no *scire facias* had been served upon him, his negligence in following the matter up after he had once appeared until some final judgment was entered, would, there being nothing stated to excuse it, be a sufficient ground on which to deny him the benefit of a writ of *certiorari*. But in this case he had notice of the writ of *scire facias*, that a conditional judgment had been rendered against him, and was commanded to show cause by a day named why such judgment should not be made final.

The fact that he did not understand the *scire facias*, and thought it required no answer, can not avail him. If he did not understand it he should have gone to the justice, or to a lawyer, and had its meaning and effect explained to him.

When a party is sued as well as when he brings an action, he is bound to attend to the proceeding through all its stages,

and if he omits to do so he must abide the consequences of his inattention, unless he sets out with precision such facts and circumstances as show that it was not in his power to take an appeal in the ordinary way by the exercise of every reasonable degree of attention and care. Cushman v. Rice, 1 Scam. 565.

No diligence is shown by the appellant, and the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*